# 28303. LENNY v. LENNY.

UNDERCOFLER, Justice. This appeal is from a refusal to modify an order granting temporary alimony and from a judgment of contempt for failure to comply therewith. The evidence shows the appellant received a modest salary from two corporations he had formed but that he and his wife enjoyed an above the average standard of living from generous expense allowances and other corporate benefits. He claims the corporations are owned by a

former wife and that he has been dismissed as their principal executive officer. He states he is without assets and his present income from other employment is insufficient to comply with the temporary alimony award. His present wife disputes this and claims he still owns and controls the corporations as well as other assets. We have reviewed the evidence. We can not say the trial judge abused his discretion in refusing to modify the temporary alimony order. It follows that the judgment of contempt was authorized.

*Judgment affirmed. All the Justices concur.*

Argued October 10, 1973 — Decided November 8, 1973.

*Parks & Eisenberg, David S. Eisenberg,* for appellant.

*Jack P. Turner, Nathaniel E. Gozansky,* for appellee.

Ingram, Justice, concurring. I concur in the majority opinion but believe it appropriate to add this "footnote" in the case. We are faced time and time again with appeals in divorce and alimony cases by parties urging that the trial court award either is excessive or is inadequate. All too often the record fails to disclose the total assets and liabilities of the parties in addition to current income. In such circumstances, it is well nigh impossible to make an intelligent judgment on appeal as to whether a particular award is, under all the evidence, excessive or inadequate. We must, in such instances, decide that if there is any evidence to sustain the trial court award, the judgment must be affirmed. Thus, it is vital to a thorough consideration of the appeal by the members of this court for the trial record to show clearly all the relevant financial information and circumstances of the parties — not just the current income and debts of the husband and the needs of the wife and children. The more complete the record is in this regard, the better the opportunity for meaningful review on appeal.